IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-00291-FDW

| | |
|---|---|
| JOSHUA CAIN WOOD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>HENDERSON COUNTY DENTENTION; )<br>CPL. BLACKWELL, Henderson )<br>County Jail; SHERIFF MCDONALD, )<br>Henderson County Jail; MAJ. RICE; )<br>Henderson County Jail; SGT. BRADLEY; )<br>Henderson County Jail; )<br>TRANSYLVANIA COUNTY DETENTION; )<br>CPL. LAWTER, Transylvania County Jail; )<br>SGT. BISHOP, Transylvania County Jail; )<br>SGT. PASSMORE, Transylvania )<br>County Jail; C.O. MS. STROUP, )<br>Transylvania County Jail; C.O. BRITTIEN, )<br>Transylvania County Jail; )<br>BUNCOME COUNTY DETENTION; )<br>MAJ. GLEN MATAYABS, Buncombe )<br>County Detention Facility; SGT. GILLIS, )<br>Buncombe County Detention Facility; )<br>SGT. BUCKNER, Buncombe County )<br>Detention Facility; SGT. CONE, )<br>Buncombe County Detention Facility; )<br>C.O. REID, Buncombe County )<br>Detention Facility, C.O. B1332, )<br>Buncombe County Detention Facility, )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint that he filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). For the reasons that follow, Plaintiff's complaint will be dismissed.

1

I.      BACKGROUND

According to the complaint, Plaintiff was detained in the Henderson County Detention Center ("HCDC") on March 10, 2013, when he informed Defendant Sheriff McDonald that he was not receiving proper medical care and that the officers were not acting in a professional manner. Plaintiff then lodged the same complaint with Defendants Rice and Sgt. Bradley. Plaintiff next complained to Sgt. Bradley on March 28, 2013, that he had not received proper nourishment on March 7, 21, and 22, because he only received one meal on those days. Plaintiff complained to Defendant Cpl. Blackwell about the dearth of food on those days; however Blackwell replied that one meal was enough. Finally, Plaintiff contends that unnamed officers at the Henderson County Detention Center instructed fellow detainees to assault him because he was gay. One inmate heeded this instruction and struck Plaintiff breaking his nose. Plaintiff was treated at Hendersonville Ear, Nose, & Throat following this injury and his nose was reset, and the doctor recommended that Plaintiff receive ice packs to address any swelling and pain medication was prescribed, but unnamed people within the medical department at HCDC failed to follow the doctor's orders on the two occasions that Plaintiff requested the ice packs and pain medication. On April 25, 2013, Plaintiff was transferred to the Transylvania County Detention Center ("TCDC"). (1:14-cv-00291, Doc. No. 1: Compl. at 3, 11).

After arriving at TCDC, Plaintiff complained to Defendant Cpl. Lawter about the treatment he endured at HCDC which included the discrimination based on his sexuality and inadequate medical treatment. Plaintiff contends that he later found out that Cpl. Lawter informed a number of inmates that Plaintiff was gay and that detainees at HCDC had tried to "kill" him because of it. Plaintiff complained to Sgts. Bishop, Brittien, and Passmore about Cpl. Lawter's actions and Plaintiff was assured the matter would be investigated. Plaintiff also contends that he

complained that he was not receiving proper medical treatment for a stomach ailment which caused him to feel lightheaded.[1] On or about March 23, 2013, Plaintiff was transferred to Buncombe County Detention Center ("BCDC"). (Id. at 4).

A few days after arriving at BCDC, Plaintiff spoke with Officer Woodie and numerous unnamed officers and staff and complained about stomach ailments and his need for dental care, and he stressed his need for a bottom bunk because of his bad back and legs; however medical would not assist him. Plaintiff approached Defendant Reid, and requested some clothes because he had been wearing the same set of clothes for two weeks, but Sgt. Reid refused to assist him. Plaintiff next spoke with Defendant Sgt. Cone and made the same request for clothes. Sgt. Cone asked for Plaintiff's size and then he left whereupon Defendant C.O. Reid rushed him in a hostile manner and yelled that he should never ask for fresh clothes again, and then Reid pushed Plaintiff into his cell and struck him and began "spazeing out on me." Finally, Plaintiff contends that he complained to Defendant Maj. Matayabs about the treatment he was receiving at BCDC and asked him to call the South Carolina Department of Corrections and arrange for Plaintiff to be transferred there because he was "having problems with your officers." Plaintiff received his transfer on June 3, 2013. (Id. at 5).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous,

---

[1] According to the grievances attached to the complaint, Plaintiff does not contend that he was receiving improper medical treatment at TCDC. (Id. at 20-23). The Court finds these documents are integral to an initial review of the complaint in order to determine whether Plaintiff has stated a claim for relief. See Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

3

malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff seeks an order enjoining the defendants from abusing, excessively punishing, engaging in excessive force, damaging property or engaging in discrimination. Plaintiff requests this injunctive relief so that no other detainee will be subjected to such treatment. (1:14-cv-00291, Doc. No. 1 at 4). "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive or declaratory relief with respect to his incarceration there." Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) (citing Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (same). According to the complaint, Plaintiff was released from BCDC on June 3, 2013; therefore any claim for injunctive relief on behalf of himself or other detainees will be dismissed as moot.

Plaintiff also contends that the defendants should be held criminally liable for their conduct; however the Court finds this fails to state a claim for civil liability under § 1983. Plaintiff was of course free to file state criminal charges against any of the named defendants following the alleged misconduct.

Plaintiff also seeks monetary damages to pay his medical bills; however he does identify the amount of his medical bills or for what reason the medical bills were incurred. The Court finds that this claim should be dismissed because it is conclusory and speculative because it fails to identify what defendant, if any, could be responsible for medical bills he incurred after his release from BCDC.

Finally, the Court notes that any claims against the HCDC, TCDC or BCDC should be dismissed because these defendants are not entities that are capable of being sued in a § 1983 action. In other words, these detention facilities are not "persons" within the meaning of the Section 1983 statute. See 42 U.S.C § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . .").

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**SO ORDERED.**

Signed: June 20, 2016

Frank D. Whitney
Chief United States District Judge

5